Kristen J. Nesbit (SBN 242426)
E-Mail: knesbit@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
SCHWAN'S CONSUMER BRANDS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DUANE ANTHONY BEYENHOF,<br><br>Plaintiff,<br><br>v.<br><br>SCHWAN'S CONSUMER BRANDS, INC., a Georgia corporation; and DOES 1-100,<br><br>Defendant. | CASE NO.:<br><br>*[Originally filed in the Los Angeles Superior Court; Case No. 21STCV44412]*<br><br>**DEFENDANT SCHWAN'S CONSUMER BRANDS, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(a), 1441(b), AND 1446(b)**<br><br>Complaint Filed:  December 6, 2021<br>Removal Date:    January 7, 2022<br>Trial Date:      TBD |

**TO PLAINTIFF, HIS COUNSEL OF RECORD, AND TO THE CLERK OF THE COURT FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, Defendant Schwan's Consumer Brands, Inc. ("Schwan's" or "Defendant") by and through its counsel of record Fisher & Phillips LLP, hereby submits this Notice of Removal of this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California (Western Division) pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446(b).  The grounds for removal

are as follows:

## I. STATEMENT OF JURISDICTION

1. This matter is a civil action over which this District Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as set forth below. *See* 28 U.S.C. §§ 1332, 1441(b).

## II. VENUE

2. This action was filed in the California Superior Court for the County of Los Angeles. Thus, venue properly lies in the United States District Court for the Central District of California. *See* 28 U.S.C. §§ 84(c), 1391, and 1441.

## III. PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

3. On December 6, 2021, Plaintiff Duane Anthony Beyenhof ("Plaintiff") filed a Complaint alleging six causes of action against Defendant: (1) discrimination on the basis of age in violation of FEHA; (2) retaliation of engaging in a protected activity in violation of FEHA; (3) failure to prevent discrimination, harassment and retaliation in violation of FEHA; (4) wrongful termination of employment in violation of public policy; (5) violation of Labor code Section 1102.5; and (6) intentional infliction of emotional distress, thereby initiating a civil action in the Los Angeles County Superior Court entitled *Duane Anthony Beyenhof v. Schwan's Consumer Brands, Inc.,* Case No. 21STCV44412 ("State Lawsuit").

4. On December 8, 2021, Plaintiff served Schwan's with the Summons, Complaint, and all other relevant materials from the State Lawsuit. Attached hereto as **Exhibit A** to the Declaration of Kristen Nesbit ("Nesbit Decl.") is a true and correct copy of the Summons, Complaint, and all other materials that were served on Schwan's.

5. Schwan's filed an Answer to the Complaint on January 6, 2021. (Nesbit Decl., ¶4, **Exhibit B**.)

6. As of the date of this Notice of Removal, no other processes, pleadings and/or orders have been served upon Schwan's in the State Lawsuit. (Nesbit Decl. at ¶ 6.)

7. This Notice of Removal is timely filed because it is filed within thirty days of service of the initial pleading setting forth the claim for relief upon which the State Lawsuit is based. See 28 U.S.C. § 1446(b)(3); see also *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (11th Cir. 1999). In addition, this Notice of Removal has been filed within one year of commencement of the State Lawsuit as required by 28 U.S.C. § 1446(b). Therefore, this Notice of Removal has been timely filed.

## IV.   GROUNDS FOR REMOVAL

### A. Complete Diversity of Citizenship Exists Between Plaintiff and Schwan's.

#### *i. Citizenship of Plaintiff*

8. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. 28 U.S.C. § 1332 (a)(1); *see also Kanotor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain). Residence is prima facie evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011). In fact, it is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

///

9. In his Complaint, Plaintiff states that he is a "…resident of the County of Riverside, California." (Nesbit Decl., **Exhibit A**, Compl. ¶ 1.) Nothing in the Complaint or other pleadings suggest otherwise. Accordingly, Plaintiff is domiciled in and is a citizen of the State of California.

### ii. *Citizenship of Schwan's*

10. For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (U.S. 2010). This is the corporation's "nerve center." Id. at 1181. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id*. at 93. The "nerve center" analysis focuses on the place at which the corporation's executive and administrative functions are conducted. *See Indus. Tectronics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092–93 (9th Cir. 1990); *see also State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989) (determining "nerve center" by examining, among other factors, where the corporation's headquarters are located and where its principal policy and executive decisions are made).

11. At all times alleged in the State Lawsuit and at the time this Notice of Removal was filed, Schwan's is, and was, a corporation that is incorporated in the state of Georgia and maintains its principle place of business in the state of Minnesota. (*See* Declaration of Scott Xi ("Xi Decl.") at ¶ 3). Defendant Schwan's principal place of business is, and was, located in Minnesota as of the date the State Lawsuit and this Notice of Removal were filed. *See id*. Defendant Schwan's controls, directs, and coordinates the company's business activities at its Minnesota headquarters. *(Id.).* Defendant Schwan's Chief Executive Officer, Secretary, and Chief Financial Officer work in the company's Minnesota headquarters. *(Id.)*

Accordingly, Defendant Schwan is a citizen of the states of Georgia and Minnesota as it is incorporated in Georgia and has its principal place of business in Minnesota. *(Id.)*.

### iii. Citizenship of Doe Defendants

12. The Complaint also names as Defendants DOES 1 through 100 ("DOE Defendants"). The one-hundred "Doe" Defendants named in the Complaint are not considered in assessing diversity. *See, e.g., Newcombe v. Adolf Coors Co.* 157 F.3d 686, 690 91 (9th Cir. 1998) ("28 U.S.C. §1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants."). Accordingly, the citizenship of the alleged DOE Defendants does not impact the diversity analysis for removal.

13. Because Plaintiff is a citizen of California and Schwan's is a citizen of Georgia and Minnesota, complete diversity of citizenship exists in this matter. The parties are therefore diverse of citizenship as required for this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

**b. The Amount in Controversy Requirement is Satisfied.**

14. Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

15. Where, as here, a complaint does not state the amount in controversy, removal is proper if the court finds by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). "The amount in controversy may include damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Id*. (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)). "In assessing the amount in controversy, [the Court] may consider allegations in the

complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez*, 888 F.3d at 416.

16. While Schwan's denies liability as to Plaintiff's claims, based upon the allegations contained in the Complaint, the amount of controversy in this action exceeds $75,000.00, exclusive of interest and costs.  For purposes of determining the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  Moreover, the amount in controversy can be determined from the Complaint or from other sources, including statements made in the notice of removal. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint.").

17. Schwan's employed Plaintiff, who is 68 years old, as a full-time Distribution Supervisor. *See* Xi Decl., ¶¶ 4, 6.

18. Plaintiff alleges that Schwan's wrongfully terminated his employment on January 21, 2020 because of his age and alleged retaliation. *See* Nesbit Decl., ¶3, Exhibit A, Compl. ¶¶ 8-69.

19.  Plaintiff asserts that as a result of his allegedly unlawful discrimination and termination he has suffered lost earnings, lost benefits, stock options, damage to his career, and emotional distress, including humiliation, mental and physical pain and anguish. *See id*., Compl. ¶¶ 20–21, 33–34, 40-41, 48-49, 54-55, 62, 67-68,  Prayer for Relief.

20. As a full time Distribution Supervisor, Plaintiff was a full-time salaried employee whose annual salary was $61,200.10 per year at the time of his termination. In 2019,  Plaintiff earned $66,095.21. Plaintiff was also eligible to

participate in Schwan's health plan, dental plan, vision plan and 401k retirement plan. Xi Decl. ¶ 4-5, **Exhibit C.**

21. Plaintiff accuses Schwan's of acting with malice, oppression and fraud and alleges that he is entitled to punitive damages. Nesbit Decl., ¶ 3, Exhibit A, Compl. ¶¶ 22, 35, 43, 51, 56, 63, 69.

22. The Complaint purports to assert six causes. *See* Nesbit Decl., ¶ 3, Exhibit A, Compl. In all of the causes of action, Plaintiff seeks damages for loss of income and/or benefits. *See id.*, Compl. ¶¶ 33, 40, 48, 55, 62, 67.

23. Plaintiff further seeks economic and non-economic damages, exemplary and punitive damages, and attorneys' fees and costs.[1] *See id.*, Compl. ¶¶ 33-36, 40-43, 48-51, 54-57, 61-63, 67-69, Prayer for Relief.

24. Plaintiff alleges his employment was terminated on January 21, 2020. Id., Compl. ¶ 13-15. Between the date of his termination and the date of this Notice of Removal, almost two years have passed. Accordingly, Plaintiff's backpay claim would be at least $122,400.20 (calculated as $61,200.10 salary per year x 2 years), as of the date of this Notice of Removal. However, it is likely that Plaintiff will seek lost wages from the date of his termination through trial. It is also likely that trial will not be set for at least eighteen months after the filing of this Notice of Removal (that is, approximately three-and-a-half years after Plaintiff's employment termination) – at which point, Plaintiff's amount in back pay claim will be at least $214,200.35 (calculated as $61,200.10 salary per year x 3.5 years). Thus, Plaintiff's claim for lost wages alone satisfies the amount in controversy requirement. See *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (plaintiff's lost wages are included in amount in controversy); *Browand v. Ericsson Inc.*, No. 18-CV-02380-EMC, 2018 WL 3646445, at *5 (N.D. Cal. Aug. 1, 2018)

---

[1] Schwan's does not concede that Plaintiff has stated a claim on which relief can be granted, that he suffered any damages, or that Schwan's is responsible for any damages he may have suffered. Schwan's reserves all defenses.

(defendants' calculation that plaintiff would be owed more than $75,000 in backpay if she was wrongfully terminated sufficient to establish amount in controversy); *Tukay v. United Cont'l Holdings, Inc.*, No. 14-CV-04343-JST, 2014 WL 7275310, at *2 (N.D. Cal. Dec. 22, 2014) (defendant's reasonable calculation that plaintiff's backpay exceeds $75,000 sufficient to establish the amount in controversy).

25.  Plaintiff's potential front pay damages may also be considered in establishing the amount in controversy. *See Chavez*, 888 F.3d at 417-18 (where "a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy."). Plaintiff is 68 years old. Xi Decl., ¶ 6. Assuming a retirement age of 75 and an annual rate of compensation of $61,200.10, Plaintiff's front pay claim would be at least $428,400.70[2] *See Huck v. Kone, Inc.*, No. C 10-1845 RS, 2011 WL 31108, at *4 (N.D. Cal. Jan. 5, 2011) (calculating potential front pay claim of 52-year-old plaintiff assuming a retirement age of 65 for purposes of assessing amount in controversy). Thus, Plaintiff's front pay claim also exceeds the threshold amount in controversy for diversity jurisdiction.

26.  Plaintiff's allegations of emotional distress damages may also be considered when assessing the amount in controversy. *See Kroske*, 432 F.3d at 980; *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). Plaintiff alleges that he suffered psychological and emotional distress, humiliation, and mental and physical pain and anguish. *See* Nesbit Decl., ¶3, Exhibit A, Compl., ¶¶ 21, 34, 41, 43, 49, 54-55, 61, 68, Prayer for Relief. Employment discrimination cases in California alleging similar emotional distress injuries have resulted in verdicts that well exceed the diversity jurisdiction threshold of $75,000. See *Velez v. Roche*, 335 F. Supp. 2d 1022, 1037 (N.D. Cal. 2004) ($300,000 emotional

---

[2] Schwan's does not concede that Plaintiff is entitled to front pay damages and in fact denies that Plaintiff was damaged by any of Schwan's alleged conduct.

distress award where plaintiff suffered depression and other mental anguish following discrimination, even where plaintiff did not formally consult a doctor, did not take any medication for her condition, and continued to work); *Zanone v. City of Whittier*, 162 Cal. App. 4th 174, 183, 185 (2008) (affirming emotional distress award of $660,000 on plaintiff's FEHA discrimination and retaliation claims where plaintiff suffered "stress, anxiety and depression"); *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821 (1999) (affirming award of more than $450,000 for emotional distress for FEHA discrimination claims where plaintiff suffered "nightmares, loss of appetite, and loss of interest in ordinary activities"); *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 410 (1994) (affirming award of more than $110,000 in emotional distress damages in employment discrimination case where plaintiff was diagnosed with anxiety); *Lave v Charter Commc'ns, LLC*, No. RIC 1508865, 2017 WL 2901375, at *3 (Cal. Super. Ct. June 07, 2017) (verdict awarding $575,000 in emotional distress damages where FEHA and IIED plaintiff experienced depression, insomnia, irritability, and anxiety); see also *Glenn-Davis v. City of Oakland*, No. C 02-02257SI, 2007 WL 687486, at *2 (N.D. Cal. Mar. 5, 2007) (reducing $1.85 million emotional distress award to $400,000 for "garden variety" emotional distress stemming from plaintiff's discrimination claims). Accordingly, Plaintiff's claim for emotional distress injuries establishes the amount in controversy. See *Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-CV-01945-JCS, 2016 WL 3902838, at *5 (N.D. Cal. July 19, 2016) (amount in controversy was established in discrimination and retaliation case claiming emotional distress because emotional distress damages in similar cases have been substantial).

27. Plaintiff's claim for punitive damages can also be considered when assessing the amount in controversy. Employment discrimination cases in California have resulted in punitive damages awards exceeding $75,000. See *Pande v. ChevronTexaco Corp.*, No. C-04-05107 JCS, 2008 WL 906507, at *1

(N.D. Cal. Apr. 1, 2008) (plaintiff awarded $2.5 million in punitive damages on CFRA, FEHA, and related violation of public policy under California law claims); *Alvarado v. Fed. Express Corp.*, No. C 04-0098 SI, 2008 WL 744824, at *5 (N.D. Cal. Mar. 18, 2008) (upholding $300,000 punitive damages award in discrimination case); *Harvey v. Sybase, Inc.*, 76 Cal. Rptr. 3d 54, 62, 73 (Cal. Ct. App. 2008) (reinstating $500,000 punitive damages award on plaintiff's FEHA discrimination claims); *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1137 (1998) (affirming $3.5 million punitive damages award against employer in FEHA discrimination case); *Hunio v. Tishman Const. Corp.* of Cal., 18 Cal. Rptr. 2d 253, 257, 266 (Cal. Ct. App. 1993) (finding award of $1 million in punitive damages on discriminatory constructive discharge cause of action was "certainly within permissible limits"). Accordingly, Plaintiff's punitive damages claim establishes the amount in controversy. *See Rodriguez*, 2016 WL 3902838, at *6 (claim for punitive damages in employment discrimination and retaliation case established amount in controversy because punitive damage awards in similar cases have exceeded jurisdictional threshold).

28. Plaintiff has also demanded attorneys' fees, which are recoverable under the statues on which he has sued. If attorneys' fees are recoverable by the plaintiff, the fee claim is included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002). A reasonable estimation of an attorneys' fee award in this case easily exceeds $75,000. *See Lafever v. Acosta, Inc.*, No. C10-01782 BZ, 2011 WL 5416650, at *6 (N.D. Cal. Nov. 8, 2011) (awarding attorneys' fees of $548,243 to successful plaintiff in FEHA case); *Hamed v. Macy's W. Stores, Inc.*, No. CV 10-2790 JCS, 2011 WL 5183856, at *1 (N.D. Cal. Oct. 31, 2011) (awarding $463,401 in attorneys' fees to plaintiff who obtained a jury verdict of approximately $100,000 on FEHA age discrimination

claim); *Leuzinger v. Cty. of Lake*, No. C 06-00398 SBA, 2009 WL 839056, at *12 (N.D. Cal. Mar. 30, 2009) (awarding attorneys' fees of $735,500 to partially successful plaintiff in FEHA case); *Pande*, 2008 WL 906507, at *9 (awarding attorneys' fees of $464,938 to plaintiff who prevailed on claims for FEHA retaliation and wrongful termination in violation of public policy).

29. Each of Plaintiff's distinct claims for damages independently establish that the amount in controversy in this case exceeds $75,000, and in the aggregate demonstrate that the amount is well above the jurisdictional threshold. Accordingly, removal is appropriate.

## V. PROCEDURAL PREREQUISITES

30. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Central District of California is the appropriate court to which to remove this action from the Los Angeles County Superior Court, where the action was filed.

29. As required by 28 U.S.C. § 1446(d), a written notice of this Notice of Removal in the United States District Court for the Central District of California will be served on Plaintiff's counsel of record SOUTHERN CALIFORNIA LABOR LAW GROUP, PC. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Los Angeles.

31. In filing this notice, Schwan's does not waive any defenses.

32. In filing this notice, Schwan's does not admit any of the allegations made in Plaintiff's State Lawsuit.

## VI. CONCLUSION

Based on the foregoing, Defendant prays that the above-described action pending in the Superior Court of California, County of Los Angeles be removed to the United States District Court for the Central District of California.

///

| | | |
|---|---|---|
| 1 | | |
| 2 | DATE: January 7, 2022 | FISHER & PHILLIPS LLP |
| 3 | | |
| 4 | | /s/ Kristen J. Nesbit |
| 5 | | By: _____ |
| 6 | | Kristen J. Nesbit<br>Attorneys for Defendant<br>SCHWAN'S CONSUMER BRANDS, INC. |

11
DEFENDANT SCHWAN'S CONSUMER BRANDS, INC.'S NOTICE OF REMOVAL
FP 42634749.1

# EXHIBIT A

Kristen J. Nesbit (SBN 242426)
    E-Mail: knesbit@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
SCHWAN'S CONSUMER BRANDS, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DUANE ANTHONY BEYENHOF,<br><br>            Plaintiff,<br><br>     v.<br><br>SCHWAN'S CONSUMER BRANDS, INC. a Georgia corporation), and DOES 1-100,<br><br>            Defendants. | CASE NO.:   21STCV44412<br>*[Unlimited Jurisdiction]*<br><br>**DEFENDANT, SCHWAN'S CONSUMER BRANDS, INC.'S NOTICE TO STATE COURT AND PLAINTIFF OF DEFENDANT'S FILING OF NOTICE OF REMOVAL**<br><br>*Assigned for all purposes to the Honorable Terry Green, Dept. 14*<br><br>Complaint Filed:  December 6, 2021<br>Trial Date:          [None] |

**TO PLAINTIFF, HIS ATTORNEYS OF RECORD, AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** on January 7, 2022, Defendant SCHWAN'S CONSUMER BRANDS, INC. filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 in the above-entitled action, removing the above-entitled action from Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California. A true and correct copy of the Notice of Removal, excluding exhibits thereto to avoid duplication, that was filed in the United States District Court for the Central District of California is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1446, the filing of a Notice of Removal in the United States District Court effectuates the removal of this action. Accordingly, no further proceedings should take place in this Court unless and until the case has been remanded.

DATE: January 7, 2022                    FISHER & PHILLIPS LLP

By: _____
Kristen J. Nesbit
Attorneys for Defendant
SCHWAN'S CONSUMER BRANDS, INC.

# PROOF OF SERVICE
## (CCP §§1013(a) and 2015.5)

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On January 7, 2022, I served the following document(s) **DEFENDANT, SCHWAN'S CONSUMER BRANDS, INC.'S NOTICE TO STATE COURT AND PLAINTIFF OF DEFENDANT'S FILING OF NOTICE OF REMOVAL** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Taylor M. Prainito, Esq.<br>Michael Zelman, Esq.<br>**SOUTHERN CALIFORNIA LABOR LAW GROUP, PC**<br>1875 Century Park East, Suite 480<br>Los Angeles, CA 90067 | *Attorneys for Plaintiff,*<br>*Duane Anthony Beyenhof*<br><br>Tel:    (424) 231-2366<br>Fax:   (323) 319-5148<br>Email: tprainito@scllgpc.com<br>           mzelman@scllgpc.com |

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐ **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed January 7, 2022, at Los Angeles, California.

MELODY BIGLAY                          By: *[signature]*
Print Name                                              Signature

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On January 7, 2022 I served the foregoing document entitled **DEFENDANT SCHWAN'S CONSUMER BRANDS, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(a), 1441(b), AND 1446(b)** on all the appearing and/or interested parties in this action as follows:

| | |
|---|---|
| Taylor M. Prainito, Esq.<br>Michael Zelman, Esq.<br>SOUTHERN CALIFORNIA LABOR LAW GROUP, PC<br>1875 Century Park East, Suite 480<br>Los Angeles, CA 90067 | *Attorneys for Plaintiff Duane Anthony Beyenhof*<br><br>Tel:   (424) 231-2366<br>Fax:  (323) 319-5148<br>Email: tprainito@scllgpc.com<br>            mzelman@scllgpc.com |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with Attorney Service Name and Address .

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed January 7, 2022 at Los Angeles, California.

| MELODY BIGLAY | By: /s/ *Melody Biglay* |
|---|---|
| Print Name | Signature |